## STATE v. JOHNSON.

CRIMINAL LAW—CONCEALED WEAPONS.—Section 132, Criminal Code, must be construed with section 131, and an indictment for crimes enumerated in section 132 must contain a special count charging carrying a weapon concealed about the person, and jury must be required to find a special verdict on this count before defendant can be sentenced for carrying a weapon concealed about his person with which one of the enumerated crimes was committed.

Before LEROY F. YOUMANS, special Judge, Greenwood, August term, 1904. Reversed.

Indictment against John Johnson for assault and battery with intent to kill and carrying unlawful weapon. From sentence, defendant appeals.

*Messrs. Magill & Magill,* for appellant.

*Solicitor T. S. Sease,* contra.

February 1, 1905. The opinion of the Court was delivered by

MR. JUSTICE JONES. The defendant was tried at the August term, 1904, Court of General Sessions, of Greenwood County, under an indictment charging him with assault and battery with intent to kill and carrying unlawful weapons. The jury found him guilty of assault anad battery, and the Circuit Court, Hon. Leroy F. Youmans, presiding, imposed the following sentence: "The defendant is sentenced for an assault and battery, to pay a fine of one hundred ($100.00) dollars or be imprisoned at hard labor for thirty (30) days on the public works of the county, or in the alternative, in the State penitentiary. It having appeared on the trial that the assault and battery was committed with a deadly weapon (a pistol) concealed about the person of the defendant, the defendant, in addition, is

sentenced to six months hard labor on the public works of the county, or in the alternative in the State penitentiary."

The defendant appeals upon exceptions which practically allege error in imposing the additional penalty for carrying a concealed pistol upon the ground that it was error to impose such sentence in the absence of an indictment for such offense and conviction thereunder, thus denying him the right of trial by jury.

We are of the opinion that the exception is well taken. The Circuit Court, no doubt, was governed by its construction of section 132, Criminal Code, which provides: "If any person be convicted of assault, assault and battery, assault or assault and battery with intent to kill, or of manslaughter, and it shall appear upon the trial that the assault, assault and battery, assault or assault and battery with intent to kill, or manslaughter, shall have been committed with a deadly weapon of the character specified in section 130, carried concealed upon the person of the defendant so convicted, the presiding Judge shall, in addition to the punishment provided by law for such assault, assault and battery, assault or assault and battery with intent to kill, or manslaughter, inflict further punishment upon the person so convicted by confinement in the penitentiary for not less than three months nor more than twelve months, with or without hard labor, or a fine of not less than two hundred ($200) dollars, or both fine and imprisonment at the discretion of the said Judge."

This section, however, must be construed in connection with the preceding section 131, which reads as follows: "In every indictment for murder, manslaughter, assault and assault and battery of a high and aggravated nature, assault and assault and battery with intent to kill, and in every case where the crime is charged to have been committed with a deadly weapon of the character specified in section 130, there shall be a special count in said indictment for carrying concealed weapons, and the jury shall be required to find a

verdict on such special count; and all cases embraced in this section, including the carrying of the weapons, shall be in the exclusive jurisdiction of the Court of General Sessions: *Provided,* That one-half of the fine shall go to the free school fund of the county and the other half to the pension fund of the said county."

It thus appears, that in every indictment like the one in question, there must be a special count for carrying concealed weapons, upon which the jury should find a verdict. It is only in this way that it may legally appear upon the trial that the assault, or assault and battery with intent to kill, shall have been committed with a deadly weapon of the character specified in section 130, carried concealed upon the person of the defendant so convicted. The indictment in this case did not charge carrying a pistol concealed about the person, under section 131, but charged the carrying of an unlawful weapon, as prohibited in section 129.

Article I., section 17, of the Constitution, provides: "No person shall be held to answer for crime where the punishment exceeds a fine of one hundred dollars or imprisonment for thirty days, with or without hard labor, unless on a presentment or indictment of a grand jury of the county where the crime shall have been committed, etc." Article I., section 25, of the Constitution, provides: "The right of trial by jury shall be preserved inviolate." And in article I., section 18, of the Constitution, it is provided that in all criminal prosecutions the accused shall be fully informed of the nature and cause of the accusation. Under these provisions of the Constitution, it would not be lawful to impose upon one a punishment for a crime for which he had not been indicted and given the right of trial by jury according to the forms of law in the Court of General Sessions.

It will be observed that the penalty objected to was not imposed for the offense of assault and battery for which defendant was duly indicted and convicted, but for another

specific offense, for which he has never been indicted nor tried by a jury of his country.

The judgment appealed from is, therefore, reversed for the reason above stated, and the case is remanded, that a new sentence may be imposed upon the defendant according to law.